Linda SMITH and Teresa
Endsley, Appellants,

v.

THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER OF DALLAS, Appellee.[1]

No. 05–02–00172–CV.

Court of Appeals of Texas,
Dallas.

April 3, 2003.

1. Appellants mistakenly identified "Dallas County Hospital District, et al." as the appellee in this proceeding. The sole defendant at the time of the final judgment in this case was the University of Texas Southwestern Medical Center at Dallas ("UT Southwestern"). We have corrected the caption to show the correct appellee.

David A. Schiller, Schiller, P.L.L.C., Plano, for appellants.

David S. Morales, Office of Attorney General, Austin, for appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

This is an employment case, dismissed following a plea to the jurisdiction. In three issues, appellant Linda Smith ar-

gues the trial court erroneously dismissed her claims under both the Texas Commission on Human Rights Act and the Texas Whistleblower Act.[2] For the reasons that follow, we affirm.

## BACKGROUND

Smith alleges she contracted the disease histoplasmosis during the time she held a position supervising grounds maintenance at UT Southwestern. Her job involved grounds keeping in an area that included a large bird sanctuary; histoplasmosis is contracted through inhaling spores from an organism that thrives in areas enriched by bird droppings. Smith alleges the disease left her disabled. Smith further charges that her efforts to bring attention to these environmental risks at UT Southwestern led to her wrongful discharge. Smith testified by affidavit that she "resigned [her] position after being given the option of resigning or being fired."

Smith resigned on June 6, 1997. On July 23, 1997, she filed both a charge of discrimination and an amended charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). The amended charge made allegations of violations of federal statutes.[3] On October 28, 1997, the EEOC issued Smith a right to sue letter, and on January 29, 1998, she filed suit in federal court. The docket sheet from the federal lawsuit is included in our record. While the sheet does not identify all of Smith's claims, it does indicate that on January 15, 1999, the federal court dismissed without prejudice her claims under the Texas Commission on Human Rights Act, the Texas Whistleblower Act, and the Texas Tort Claims Act, as well as her common law negligence and retaliation claims.

On March 5, 1999, Smith filed suit in state court. Her suit initially included a long list of defendants, and for a time it included claims brought by Theresa Endsley as well. However, Smith's live pleading, her Second Amended Petition, included only her own claims for (1) denial of reasonable accommodations under section 21 of the labor code, and (2) violations of the Texas Whistleblower Act. The claims were directed solely against UT Southwestern.

UT Southwestern filed a plea to the jurisdiction. The plea argued that Smith failed to exhaust her administrative remedies as required under the labor code and failed to file her whistleblower claim within 90 days of her termination. The trial court granted the plea, dismissing both of Smith's claims. This appeal followed.

## PLEA TO JURISDICTION

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action.

---

2. A notice of appeal was also filed on behalf of Teresa Endsley, and the "Brief for Appellants" purports to be filed on behalf of Smith and Endsley. However, Endsley was no longer a party to the suit when the final judgment was entered below. Moreover, Endsley is never mentioned in the brief's statement of facts or its argument. Accordingly, if Endsley was ever properly before this Court, she has waived any argument on appeal.

3. The amended charge states the particulars of Smith's claim as follows:

I believe that I have been discriminated against because of my sex, female, retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, and harassed because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

*Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.); *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. State Employees Union,* 16 S.W.3d at 65.

 A plaintiff always has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). A district court is required to construe the plaintiff's allegations in favor of jurisdiction liberally unless the face of the petition affirmatively demonstrates a lack of jurisdiction. *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). Dismissing a cause of action for lack of subject-matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *TRST Corpus, Inc. v. Fin. Ctr.,* 9 S.W.3d 316, 320 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). In our review of the trial court's order dismissing a cause for want of jurisdiction, we must "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Tex. Air Control Bd.,* 852 S.W.2d at 446. We review the evidence before the trial court when necessary to resolve the jurisdictional issues raised. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 555.

### TEXAS COMMISSION ON HUMAN RIGHTS ACT

Smith's first and second issues address the trial court's dismissal of her disability claim under the Texas Commission on Human Rights Act.

 Initially, Smith argues the trial court erred in dismissing her claim because she had properly reported that claim to the Texas Commission on Human Rights (the "Commission") when she filed a charge with the EEOC. A person claiming a violation of the Texas Commission on Human Rights Act must first exhaust the act's administrative remedies prior to bringing a civil action. *Wal–Mart Stores, Inc. v. Canchola,* 64 S.W.3d 524, 533 (Tex. App.-Corpus Christi 2001, no pet.). Indeed, failure to exhaust administrative remedies creates a jurisdictional bar to the suit for discrimination. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex.1991).

Smith's framing of this first issue does not truly reach the error charged by UT Southwestern's plea to the jurisdiction. Smith's argument is too narrow: she avers that she "timely and properly reported her claim to the EEOC." She then refers to the Worksharing Agreement between the EEOC and the Commission, and she equates her reporting to the EEOC with reporting to the Commission. Even if this notion of automatic dual reporting were supported by the facts and the law—and we seriously question whether it is—merely reporting a claim to the EEOC is not equivalent to exhausting administrative remedies with the Commission. It was Smith's burden to demonstrate that the trial court had subject-matter jurisdiction. *See Tex. Ass'n of Bus.,* 852 S.W.2d at 446. However, Smith presented no evidence that the Commission ever received, investigated, or resolved her complaint in any fashion.[4] Smith did not offer a right to sue letter or a certified letter from the

---

4. This is not surprising: Smith filed a charge that contained only complaints of violations of federal statutes, and she did not check the box on the form that directs the EEOC to forward the complaint to the Commission.

Commission indicating it had dismissed or failed to resolve her complaint. *See* Tex. Labor Code Ann. § 21.208 (Vernon 1996). Although the EEOC and the Commission do participate in a Worksharing Agreement, "federal-state cooperation does not extend to the exhaustion of administrative remedies." *Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir.2001). We conclude under the facts of this case that Smith did not exhaust her administrative remedies under the Texas Commission on Human Rights Act. Accordingly, the trial court properly dismissed her claim for want of subject-matter jurisdiction. We resolve Smith's first issue against her.

 In her second issue, Smith argues that if she did not properly exhaust her remedies with the Commission, then the trial court should have abated the action and allowed her to do so, rather than dismissing the case out of hand. It is true that Texas law supports abatement of an action when an impediment to jurisdiction can be cured thereby; if the impediment cannot be removed, then the case should be dismissed. *See, e.g., American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex.2001). However, our review of the record indicates Smith never raised the possibility of an abatement in the trial court. Thus, she has not preserved any error on this issue, and we resolve it against her. Tex.R.App. P. 33.1(a).

### TEXAS WHISTLEBLOWER ACT

 In her third issue, Smith argues the trial court erred in dismissing her claim under the Texas Whistleblower Act. That act requires a public employee seeking whistleblower status to sue no later than 90 days after the alleged violation of the act. Tex. Gov't Code Ann. § 554.005 (Vernon Supp.2003). The single exception to this requirement is found in section 554.006 of the act. That section requires

the employee to initiate action under the grievance or appeal procedures of her employer before filing suit. *Id.* § 554.006(a). The time taken by participation in these procedures is excluded from the 90–day requirement of section 554.005. *Id.* § 554.006(c). If the grievance or appeal is not resolved within 60 days, the employee may either terminate the procedure and file suit or exhaust the procedure and sue after exhaustion. *Id.* § 554.006(d).

Smith concedes that she did not file suit within 90 days of her termination. However she relies on the exhaustion-of-remedies option under section 554.006(d) to have extended her time to file suit. The record establishes that Smith never initiated a grievance or appeal procedure with UT Southwestern complaining of her wrongful termination. She may not rely on any grievance filed *before* her termination, because it is the termination itself of which she complains in her Second Amended Petition. It is the termination that must form the basis of any allegation that she was retaliated against because she reported health concerns at UT Southwestern. And it is the termination that must have been grieved or appealed.

 Smith did not initiate grievance or appellate procedures as required under the act, and she did not file suit within 90 days of the termination. The statutory prerequisites to filing suit under the Whistleblower Act are mandatory and jurisdictional. *Tex. So. Univ. v. Carter*, 84 S.W.3d 787, 792 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Univ. of Texas-Pan Am. v. De Los Santos*, 997 S.W.2d 817, 821 (Tex.App.-Corpus Christi 1999, no pet.). Because Smith did not comply with those prerequisites, the trial court lacked jurisdiction over her suit. We conclude Smith's third issue is not well taken.

### Conclusion

We have resolved all three of Smith's issues against her. Accordingly we affirm the judgment of the trial court.