Opinion issued August 22, 2003







 
 









In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00288-CV

____________


HARRIS COUNTY, Appellant


V.


CHRISTOPHER LAWSON, Appellee






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2000-47573






DISSENTING OPINION

 I respectfully dissent. When a public employee is suspended or terminated for
reporting violations of law by the employing governmental entity, sections 554.0035
and 554.006(d) of the Whistleblower Act (1) (the Act) waive sovereign immunity and
permit the employee two avenues to sue the State. See Tex. Gov't Code Ann. §§
554.0035, 554.006(d) (Vernon Supp. 2003). The employee may either (1) exhaust
the grievance proceedings and file suit within 30 days of the date of exhaustion or (2)
terminate the grievance proceedings and file suit within the time remaining under the
Act. Tex. Gov't Code Ann. § 554.006(d); Smith v. Univ. of Tex. Southwestern Med.
Ctr. of Dallas, 101 S.W.3d 185, 189 (Tex. App.--Dallas 2003, not pet.). In
accordance with section 554.006(d), this Court has recently held that an employee
who simultaneously sought to pursue her grievance proceedings and a lawsuit after
the 60-day waiting period did not comply with section 554.006(d)'s election
provision and, therefore, did not maintain jurisdiction in the trial court. Univ. of
Houston Sys. v. Lubertino, 95 S.w.3d 423, 427 (Tex. App.--Houston [1st Dist.] 2002,
no pet.). Lubertino followed this Court's recent decision in Texas Southern
University v. Carter by concluding that an employee's failure to comply with the
Act's limitations provisions results in a loss of jurisdiction, because employees who
fail to comply with the limitations provisions do not fall within the State's limited
waiver of sovereign immunity. Id., 84 S.W.3d 787, 792 (Tex. App.--Houston [1st
Dist.] 2002, no pet.).

 The issue now before the Court is the majority's attempt to overrule our
decision in Lubertino and to hold that an employee need not make the election that
section 554.006(d) requires. The majority incorrectly concludes that employees may
simultaneously pursue grievance proceedings and lawsuits after the 60-day waiting
period, and that the limitations provisions contained in section 554.006(d)'s election
provision are not mandatory. Harris County v. Lawson, No. 01-02-00288-CV (Tex.
App.--Houston [1st Dist.] August 22, 2003, n.p.h.). Because the majority does not
accord necessary deference to the plain meaning and legislative intent of the Act, I
respectfully dissent.

Significance of the Election Provision


 The election provision is significant in the Whistleblower Act for two reasons. 
First, the election provision requires that grievance proceedings be exhausted or
terminated--and not ongoing--when a lawsuit is filed. Second, the election
provision states the time limitations that govern when a lawsuit may be filed against
the State, depending on the course of action taken by an employee. Each issue is
addressed in turn.

1. Concurrent Grievance Proceedings and Lawsuits

 After waiting 60 days from the date grievance procedures are initiated, can
employees disregard the election provision and simultaneously pursue grievance
procedures and lawsuits?

 The plain language of the Act neither permits nor contemplates concurrent
lawsuits and grievance proceedings and affirmatively dictates otherwise. Under
section 554.006(d), after an employee participates in the grievance process for 60
days, the employee may (1) file a lawsuit within 30 days after exhausting grievance
procedures, or (2) file a lawsuit within the remaining time limits under the Act if the
employee chooses to terminate the grievance procedures. Tex. Gov't Code Ann. §
554.006(d). Under either of the options that authorize a lawsuit, the grievance
proceedings must first have ended--by exhaustion or termination. The Act does not
envision an ongoing grievance proceeding when a lawsuit is filed. See id. Despite
section 554.006(d)'s plain language authorizing an employee to file a lawsuit after
exhaustion or termination of grievance proceedings, the majority has judicially
created a new process that permits grievance proceedings and lawsuits to proceed
concurrently.

 The panel opinion relies on Castleberry Independent School Dist. v. Doe, for
the proposition that "the employee is no longer required to exhaust available
grievance procedures, but may file suit within the remaining time." Id., 35 S.W.3d
777, 782 (Tex. App.--Fort Worth 2001, pet. dism'd w.o.j.). Castleberry does not
address, however, whether an employee must comply with the election provision. 
Furthermore, this Court has expressly declined to follow Castleberry's holding that
"the proper avenue for raising the statute of limitations defense under the
Whistleblower Act is in a motion for summary judgment, not in a plea to the
jurisdiction." See Carter, 84 S.W.3d at 792 (holding that Whistleblower Act's
statute-of-limitations provisions are jurisdictional requirements that may be
challenged by way of plea to the jurisdiction).

 To clarify, Lubertino does not hold that an employee must exhaust
administrative remedies before filing suit. Lubertino holds only that an employee
must adhere to statutory prerequisites to filing suit, including the election provision
in section 554.006(d), before filing suit under the Act. Lubertino, 95 S.W.3d at 427. 
As opposed to isolated quotations from Castleberry, the more recent opinion of the
Dallas Court of Appeals in Smith more aptly states the requirements of the Act, as
follows:

 In her third issue, Smith argues that the trial court erred in dismissing
her claims under the Texas Whistleblower Act. That act requires a
public employee seeking whistleblower status to sue no later than 90
days after the alleged violation of the act. Tex. Gov't Code Ann. §
554.005 (Vernon Supp. 2003). The single exception to this requirement
is found in section 554.006 of the act. That section requires the
employee to initiate action under the grievance or appeal procedures of
her employer before filing suit. Id. § 554.006(a). The time taken by
participation in these procedures is excluded from the 90-day
requirement of section 554.005. Id. § 554.006(c). If the grievance or
appeal is not resolved within 60 days, the employee may either
terminate the procedure and file suit or exhaust the procedure and sue
after exhaustion. Id. § 554.006(d).


Smith, 101 S.W..3d at 189 (emphasis added).

 Under Lubertino, and as apparently contemplated by Smith, the employee may
either terminate the grievance proceedings and file a lawsuit within the time
remaining under the Act or exhaust the grievance proceedings and file a lawsuit
within 30 days. Smith, 101 S.W.3d at 189; Lubertino, 95 S.W.3d at 427. Lubertino
is at odds with the majority opinion's assertion that the employee is free to ignore this
election. (2)

2. The Time Limitations

 When may an employee sue the State for violations under the Act? The
election provision provides limitations periods that depend on the course of action an
employee chooses. As stated above, the election provision provides that, if a final
decision is not rendered before the 61st day after the date grievance procedures are
initiated, an "employee make elect to: (1) exhaust the [grievance procedures] . . ., in
which event the employee must sue not later than the 30th days after the date those
procedures are exhausted to obtain relief under this chapter; or (2) terminate
[grievance procedures] . . ., in which event the employee must sue within the time
remaining under Section 554.005 to obtain relief under this chapter." Tex. Gov't
Code Ann. § 554.006(d) (emphasis added). Under the plain language of the Act, an
employee's elected course of action determines which limitations period applies when
filing suit.

 Under the majority opinion, however, it is unclear what limitations periods
would apply when an employee fails to elect under section 554.006(d). In footnote
five, the majority opinion states that section 554.006(d) "in no way precludes an
employee from filing suit at any time after waiting 60 days for a final decision,
provided that the suit is filed within the statutory limitations period" and then lists the
limitations periods contained in section 554.005(d)'s election provision as the
applicable limitations periods under the Act. Lawson, slip op. at 15, n.5. It appears
that the majority would construe section 554.006(d)'s election provision as advisory
in all aspects except limitations. But this construction of the Act is problematic
because of (1) the majority's conflicting holding that a statutory provision that we
construe as voluntary contains mandatory limitations periods and (2) the
construction's inapplicability to Lawson, who chose neither to exhaust nor terminate
grievance procedures and, therefore, did not fall within the limitations periods under
section 554.006(d). Thus, as evidenced in Lubertino and the majority opinion in this
case, whether an employee must comply with the election provision directly
determines the limitations periods that the employee must follow under the Act.

Compliance with the Election Provision


 Is the election provision of the Act voluntary or a condition precedent to filing
a lawsuit? Three reasons underscore Lubertino's holding that an employee must
comply with the election provision before filing suit. First, the plain language of the
statute specifies what an employee must do before the employee may sue. Second,
the legislative intent supports the interpretation that an employee may sue only after
making an election. Third, the statute is consistent with other statutes that waive
sovereign immunity. Each reason is addressed in turn.

1. Plain Language of the Statute

 As addressed above, the plain language of the election provision states that an
employee who has participated in grievance proceedings for 60 days may elect to sue
within 30 days of exhausting the grievance proceedings, or within the time left to file
the lawsuit under the Act if the grievance proceedings are terminated. Tex. Gov't
Code Ann. § 554.006(d). The plain language of the Act thus contemplates two ways
for an employee to file a lawsuit--by exhausting or by terminating grievance
proceedings. See Smith, 101 S.W.3d at 189.

2. Legislative Intent

 Did the Legislature add the election provision only to have it be construed as
voluntary and meaningless? By allowing employees to ignore the election provision,
the majority permits employees to pursue grievance proceedings and lawsuits
simultaneously. The majority holds that "a public employee, as statutory
prerequisites to filing a Whistleblower lawsuit, must (1) timely initiate the
governmental entity's grievance or appeal procedures and, then, (2) give the
governmental entity at least 60 days to reach a final decision on the grievance or
appeal." Lawson, slip op. at 15.

 According to the majority, we should judicially interpret section 554.006(d) to
read as follows:

 If a final decision is not rendered before the 61st day after the date
procedures are initiated under Subsection (a), the employee my bring
suit. (3)


This interpretation, however, reduces the election provision to nothing more that
advisory legislation. As we noted in Lubertino, "We cannot presume the Legislature
enacted [the election provision] with the intent or expectation that employees be free
to ignore it." Lubertino, 95 S.W.3d at 428. We must avoid statutory interpretations
that render portions of a particular statute meaningless or mere surplusage. See
Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987). By holding that an
employee may ignore the election provision, this is exactly what the majority does.

 Action by the legislature supports construing the Act as permitting an employee
to sue only after complying with the election provision. In 1995, the Legislature
amended the Act by deleting the requirement that grievance proceedings be exhausted
before a lawsuit could be filed, and by adding the election provision at issue here. 
See Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583,
610 (amended 1995) (current version at Tex. Gov't Code Ann. § 554.006 (Vernon
Supp. 2003)). We must consider the predecessor act when deciding when
determining whether the Legislature intended section 554.006(d)'s election provision
as a statutory prerequisite to suit. See Redmon, 745 S.W.2d at 316.

 The panel opinion interprets the 1995 amendment as enabling employees to sue
more easily. The Legislature's intent, however, appears more consistent with an
effort to conserve state resources by (1) avoiding unnecessary duplication, through
which the State would be required to address concurrent grievance proceedings and
lawsuits involving the same set of facts, and by (2) avoiding futile grievance
proceedings by allowing an employee to terminate the grievance proceedings after 60
days. As the majority readily acknowledges, the Legislature's purpose in enacting the
Act's statutory prerequisites, including the election provision, was to afford
governmental entities the opportunity to correct their errors before facing litigation,
rather than during or after litigation. See Lawson, slip op. at 16. By allowing
employees to bring suit during grievance proceedings, the majority contravenes this
purpose.

3. Consistent Statutory Construction

 The majority's holding that an employee is free to ignore the election provision
focuses on the Legislature's use of the word "may" in section 554.006(d). Id. slip op.
at 14-15. If the Legislature had stated that the employee "must elect," then we would
certainly construe the election provision as a statutory prerequisite to filing suit under
the Act. The question therefore becomes, "Does the Legislature's use of the word
'may' instead of the word 'must' change a mandatory statutory prerequisite into mere
advisory legislation?" Lubertino concluded that it did not. See Lubertino, 95 S.W.3d
at 427.

 Section 554.0035, the "permission to sue" provision of the Act, states that an
employee "may sue the employing State or local governmental entity. . ." Tex. Gov't
Code Ann. § 554.0035 (Vernon Supp. 2003). Section 554.006(d), in conjunction
with section 554.0035, uses the word choice "may" in waiving sovereign immunity. 
The Legislature's choosing the word "may" in the election provision is consistent
with other waiver-of-sovereign-immunity statutes that also use "may" in authorizing
a party to sue. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 101.025(b) (Vernon
1997) ("permission to sue" provision under Tort Claims Act provides that, "a person
having a suit under this chapter may sue a governmental unit"); Tex. Gov't Code
Ann. § 2007.021 (Vernon 2000) (providing that, in suit against political subdivision
under Private Real Property Rights Preservation Act, "private real property owner
may bring suit under this subchapter"); see also Gregg County v. Farrar, 933 S.W.2d
769, 777 (Tex. App.--Austin 1996, no writ) (holding fact that aggrieved party "may"
appeal decision of grievance committee was intended to mandate appeal to
commissioner's court as final step of exhausting administrative remedies). Section
554.006(d)'s "may" is no different.

 Under general rules of statutory construction, the Legislature's choosing the
word "may" makes logical sense. Had the Legislature chosen alternate words like
"shall" or "must," these could arguably be construed as imposing a duty on
employees to file suit once the 60-day waiting period expires. See Tex. Gov't Code
Ann. § 311.016 (Vernon 1998) ("shall" imposes a duty; "must" creates or recognizes
a condition precedent); compare Tex. Gov't Code Ann. § 311.016(1) ("may" creates
discretionary authority or grants permission) (Code Construction Act). Employees,
however, clearly have no duty to sue. As opposed to creating a duty or even the
impression that an employee must file suit, the word "may" merely grants employees
permission to sue under the conditions set forth in section 554.006(d).

 The panel opinion focuses on the words "must initiate action" in section
554.006(a) and "must invoke" in section 554.006(b). See Lawson, slip op. at 10, 13-14. It is important, however, to review the language in the context of the entire Act. 
Redmon, 745 S.W.2d at 316. The Act states that an employee may elect to exhaust
the grievance proceedings or terminate them; these are the employee's two options. 
The Act then specifies the limitation effect of either election by stating that the
employee "must sue not later than the 30th day after the date those procedures are
exhausted to obtain relief under this chapter" for grievance procedures that are
exhausted, or "must sue within the time remaining under Section 554.005 to obtain
relief under this chapter" for grievance procedures that are terminated. tex. Gov't
Code Ann. § 554.006(d). The third option provided by the majority, that employees
may simultaneously pursue grievances and lawsuits, is never presented in the Act. 
We should hesitate to judicially adopt the panel opinion's third option as an
additional waiver of the State's sovereign immunity.

 Because the plain language of section 554.006(d) of the Act specifies when and
under what circumstances an employee may sue, and because the legislative history
and well-settled principles of statutory construction support the conclusion that an
employee may only file suit under the Act upon either exhausting grievance
procedures or terminating them, an election to exhaust or terminate grievance
proceedings should be construed a requirement of complying with the Act.

Election Provision Affects Jurisdiction

 If a failure to make an election to exhaust or terminate grievance proceedings
constitutes a failure to comply with the Act, does a court lose jurisdiction to hear the
case? (4) Court that have interpreted section 554.006 have determined that the failure
to abide by the terms of the Act results in a loss of jurisdiction. See e.g., Univ. of Tex.
Med. Branch v. Savoy, 86 S.W.3d 782, 787 (Tex. App.--Beaumont 2002, pet. denied)
(holding that failure to comply with 60-day waiting period under section 554.006(d)
deprives trial court of subject-matter jurisdiction); City of San Antonio v. Marin, 19
S.W.3d 438, 442 (Tex. App.--San Antonio 2000, no pet.) (same); Univ. of Tex. Med.
Branch v. Hohman, 6 S.W.3d 767, 774 (Tex. App.--Houston [1st Dist.] 1999, pet.
dism'd w.o.j.) (holding that compliance with section 554.006 is jurisdictional);
Farrar, 933 S.W.2d at 777 (holding that failure to comply with requirements of
section 554.006(d) deprives trial court of subject-matter jurisdiction).

 The majority attempts to distinguish these cases on the grounds that their
rulings pertain to sections of the Act other than the election provision of section
554.006(d), but this is a distinction without a difference. The same logic and
rationale that applies in construing whether compliance with the remainder of section
554.006 is jurisdictional should apply when construing whether compliance with the
election provision of section 554.006(d) is jurisdictional. Because the election
provision delineates when suit can be filed, the provision is as significant as other
provisions of section 554.006 that courts have determined are jurisdictional, such as
the failure to participate in grievance proceedings for 60 days or the failure to initiate
a grievance prior to filing suit.

 In Carter, this Court held, in the context of sovereign immunity, that the
limitations provisions of the Act were statutory prerequisites that must be met to
confer jurisdiction upon a trial court. Carter, 84 S.W.3d at 792. Former Chief Justice
Schneider wrote as follows:

In sum, the Whistleblower Act creates the cause of action to be sued
upon, provides procedural prerequisites for filing suit, and then waives
sovereign immunity from suit once those requirements have been met. 
The trial court has no subject matter jurisdiction over the suit unless the
State's sovereign immunity from suit is waived, and the State's
sovereign immunity from suit is not waived unless the statutory
prerequisites for filing suit have been met.


Id.

 In the sovereign immunity context, causes of action derive from statutes whose
provisions are mandatory, exclusive, and must be complied with in all respects. See
Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 891 (Tex. 1986), overruled in
part on other grounds, Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000);
Carter, 84 S.W.3d at 792; Univ. of Texas-Pan American v. De Los Santos, 997
S.W.2d 817, 820 (Tex. App.--Corpus Christi 1999, no pet.). When a plaintiff fails
to comply in all respects, the trial court has no jurisdiction over the cause of action.
See Grounds, 707 S.W.2d at 891; Carter, 84 S.W.3d at 792; De Los Santos, 997
S.W.2d at 820.

 The election provision in section 554.006(d) specifies the time periods and
circumstances in which a lawsuit may be filed, and it provides that grievances be
ended, either through termination or exhaustion, before filing suit. The provision is
therefore a statutory prerequisite to filing suit. As Lubertino concluded, the election
provision should be construed in accordance with the remainder of the Act, and a
failure to comply with the provision should result in a loss of jurisdiction to hear the
matter.


Conclusion


 The majority interprets the Act as allowing an employee to file suit anytime
after waiting 60 days from the date the grievance proceedings are initiated. See
Lawson, slip op. at 15. Had the Legislature intended a statute so simple in nature, it
would have amended section 554.006(d) by merely extending the 30-day waiting
period to 60 days. Instead, the Legislature enacted the election provision with the
expectation that employees not file suit while grievance proceedings are pending. 
Because Lawson did not elect to exhaust or terminate his grievance proceedings
before filing suit, he did not comply with section 554.006(d). The trial court,
therefore, did not have jurisdiction over Lawson's lawsuit.

 I would uphold Lubertino, reverse the order of the trial court, and render
judgment sustaining the county's plea to the jurisdiction.



 Elsa Alcala

 Justice



Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.


En banc consideration was requested on the Court's motion. Tex. R. App. P. 41.2(c).


A majority of the Court voted in favor of en banc consideration of the case.


The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, and Higley.


Justice Jennings, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Hedges, Nuchia, and Hanks.


Justice Alcala, dissenting, joined by Justices Taft, Keyes, and Higley.
1. The Whistleblower Act reads as follows:


 (a) A public employee must initiate action under the grievance or appeal
procedures of the employing state or local government entity relating to
suspension or termination of employment or adverse personnel action
before suing under this chapter.


 (b) The employee must invoke the applicable grievance or appeal
procedures not later than the 90th day after the date on which the alleged
violation of this chapter:


 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.


 (c) Time used by the employee in acting under the grievance or appeal
procedures is excluded, except as provided by Subsection (d), from the
period established by Section 554.005.


 (d) If a final decision is not rendered before the 61st day after the date
procedures are initiated under Subsection (a), the employee may elect to:


 (1) exhaust the applicable procedures under Subsection (a), in which
event the employee must sue not later than the 30th day after the
date those procedures are exhausted to obtain relief under this
chapter; or


 (2) terminate the procedures under Subsection (a), in which event the
employee must sue within the time remaining under Section
554.005 to obtain relief under this chapter.


Tex. Gov't Code Ann. § 554.006 (Vernon Supp. 2003) (emphasis added).
2. In footnote six, the majority opinion alternatively suggests, "If the county had
any doubt as to Lawson's 'election,' that doubt should have been resolved
when it received service of Lawson's original petition." Lawson, slip op. at 16,
n.6. This footnote is confusing because it appears that, after holding that an
employee need not make an election, the majority attempts to assert that
Lawson did make an election to terminate the grievance proceedings. The
record, however, indicates that Lawson continued the grievance proceedings
long after filing suit, and therefore does not support a finding that Lawson
elected to terminate under section 554.006(d)(2).
3. As the majority notes, the former version of section 554.006 reads almost
identically to the interpretation the majority now seeks to adopt with the
amended version. Tex. Gov't Code Ann. § 554.006; Lawson, slip op. at 13
(noting previous version of statute allowed employee to sue if final decision
not rendered before 31st day after employee initiated grievance procedures). 
Thus, while enforcing the portions of the amendment that extend the waiting
deadline to 60 days, the majority would apparently read out the portions of the
amendment that add the election provision.
4. The majority never reaches this issue. By determining that the election
provision is voluntary, the majority concludes that Lawson complied with the
Act by participating in grievance proceedings for 60 days. Lawson, slip op. at
16. If Lawson complied with the Act, there was no violation of the Act, and
jurisdiction was never at issue.