**DALLAS COUNTY, Texas, Appellant,**

v.

**William T. HUGHES, Appellee.**

No. 05–05–00508–CV.

Court of Appeals of Texas, Dallas.

Feb. 28, 2006.

Rehearing Overruled May 16, 2006.

Eric Gordon Walraven, Lubbock, Donald E. Godwin, Godwin Gruber, P.C., Dallas, for appellant.

Kirk L. Pittard, Durham & Pittard, LLP, Coyt Randal Johnston, Johnston & Tobey, P.C., Dallas, for appellee.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

This interlocutory appeal comes to us on a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005). Appellant Dallas County asserts the trial court erred in denying its plea to the jurisdiction because appellee William T. Hughes failed to comply with the provisions of the Whistleblower Act by filing suit more than ninety days after the alleged violation. *See* TEX. GOV'T CODE ANN. § 554.006(b) (Vernon 2004). We affirm the trial court's order denying Dallas County's plea to the jurisdiction.

On July 23, 2004, the Dallas County District Attorney's office terminated Hughes from his position as a felony investigator. He contends his termination was wrongful. On July 29, 2004, Hughes went to the Dallas County Human Resources Department and visited Sherry Batie. She informed Hughes that he had no civil service protection because he was classified as a Category A employee and, as such, he did not have the right to file a grievance. She also gave him a copy of the Dallas County Code.[1]

That same day, Hughes's attorney prepared a Dallas County grievance form on his behalf and sent it to the Dallas County Civil Service Commission and director of human resources. On November 3, 2004, Hughes was sent a letter explaining he was ineligible for civil service protection and had no administrative remedies.

Approximately one month later, Hughes filed his original petition alleging a claim under the Whistleblower Act. On March 15, 2005, Dallas County filed its "Amended Plea to the Jurisdiction, and Alternatively, Motion for Summary Judgment," contending that Hughes failed to file his lawsuit within the mandatory ninety-day statute of limitations period. The trial court denied Dallas County's "Amended Plea to the Jurisdiction, and, Alternatively, Motion for Summary Judgment."[2]

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Subject matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *My–Tech Inc. v. Univ. of N. Tex. Health Sci. Ctr.,* 166 S.W.3d 880, 883 (Tex.App.-Dallas 2005, pet. filed). In performing this review, we do not look to the merits of the case but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004); *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

Pursuant to section 554.005 of the Whistleblower Act, an employee who is seeking relief must sue no later than the ninetieth day after the date on which the alleged violation occurred or was discovered through reasonable diligence. TEX. GOV'T CODE ANN. § 554.005. Section 554.006 states that a public employee must initiate action under the grievance procedures of the employing governmental entity before

---

1. Hughes alleges the Dallas County Code he was given had pages that were out of order and, as such, his efforts to initiate his lawsuit were frustrated. He asserts equitable estoppel as a bar to Dallas County's statute of limitations claim. As hereafter set forth, a plea to the jurisdiction is an improper vehicle for raising the statute of limitations defense, and, therefore, we do not address the assertion of equitable estoppel.

2. Because the denial of the motion for summary judgment is not an appealable interlocutory ruling, our discussion is limited solely to the propriety of the denial of the plea to the jurisdiction.

filing suit and the procedure must be invoked no later than the ninetieth day after the alleged violation occurred or was discovered through reasonable diligence. *Id.* § 554.006(a), (b). This section also states that, except as provided by subsection (d), the time used by the employee in acting under the grievance procedure is excluded from the period established by section 554.005. *Id.* § 554.006(c).

■ In this case, Dallas County alleges Hughes did not have an administrative remedy and was required to file suit within ninety days. Dallas County alleges suit was filed after the ninety-day period had ended and, as such, was barred by the statute of limitations. The proper avenue for raising the statute of limitations defense under the Whistleblower Act is in a motion for summary judgment not in a plea to the jurisdiction. *Moore v. Univ. of Houston–Clear Lake,* 165 S.W.3d 97, 100 (Tex.App.-Houston [14th Dist.] 2005, no pet.); *City of New Braunfels v. Allen,* 132 S.W.3d 157, 161–63 (Tex.App.-Austin 2004, no pet.); *Castleberry Indep. Sch. Dist. v. Doe,* 35 S.W.3d 777, 783 (Tex.App.-Fort Worth 2001, pet dism'd w.o.j.); *Tex. Dep't of Mental Health & Mental Retardation v. Olofsson,* 59 S.W.3d 831, 833 (Tex.App.-Austin 2001, pet. dism'd); *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 356–57 (Tex. App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). The statute of limitations is an affirmative defense. TEX.R. CIV. P. 94. Because limitations is a defensive issue, not a jurisdictional issue, the trial court correctly denied Dallas County's assertion of the limitations bar through a plea to the jurisdiction.[3] *See Castleberry,* 35 S.W.3d at 782.

Dallas County asserts that *Smith v. University of Texas Southwestern Medical Center of Dallas,* 101 S.W.3d 185 (Tex. App.-Dallas 2003, no pet.), is dispositive in this case. We disagree. In *Smith,* the plaintiff sued under the Whistleblower Act. That Act required Smith to bring suit no more than ninety days after her termination. *Id.* at 189. But the Act first required her "to initiate action under the grievance or appeal procedures of her employer before filing suit." *Id.* Smith never initiated such grievance or appeal proceedings. *Id.* Accordingly, we concluded that Smith had failed to perform all the statutory prerequisites of filing suit. *Id.* And those prerequisites, we pointed out, are mandatory and jurisdictional. *Id.*

■ The facts in *Smith* also reflect that Smith failed to file her claim under the Act within ninety days of her termination. Therefore, she failed to comply with the statute of limitations. *Id.* On that basis, Dallas County reads *Smith* to include such compliance with the statute of limitations within the category of jurisdictional prerequisites. This reading is mistaken. A prerequisite is "something that is required beforehand." WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1791 (1981).[4] As *Smith* points out, a claimant under the Act must initiate administrative remedies "*before* filing suit." 101 S.W.3d at 189 (emphasis added). Thus, in *Smith,* initiating those remedies is clearly a prerequisite to filing suit. This case is distinguishable in that

---

3. Dallas County also maintains that recent amendments to section 311.034 of the Texas Government Code support the assertion that the statute of limitations is jurisdictional. TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005). In this section, the Texas Legislature added the language, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against

a government entity." *Id.* This amendment, and its legislative history, do not support the broad interpretation asserted by appellant that the statute of limitations is jurisdictional.

4. In the absence of ambiguity, we interpret statutes by employing a word's plain and common meaning. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990).

there were no administrative remedies available to Hughes because he was considered a Category A employee. He was simply required by the Whistleblower Act to file suit within ninety days of termination. Moreover, presenting a position that an action is barred by the statute of limitations requires an affirmative pleading by the *defendant,* not the plaintiff, and therefore cannot be considered a prerequisite to filing suit. Dallas County's reliance on *Smith* is misplaced.

For the foregoing reasons, we affirm the trial court's order denying Dallas County's plea to the jurisdiction.