TEXAS EDUCATION AGENCY, Dr. Shirley J. Neeley, Commissioner of Education, and Andres Martinez, Appellants,

v.

DONNA INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 13–06–283–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 22, 2007.

George Warner, Asst. Atty. General, Leslie L. McCollom, Austin, for appellants.

Ruben R. Peña, Law Office of Ruben R. Peña, P.C., Harlingen, for appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and BENAVIDES.

**OPINION**

Opinion by Justice BENAVIDES.

Appellants, the Texas Education Agency (the "TEA"), the Commissioner of Education (the "Commissioner"), and Andres Martinez ("Martinez"), filed this interlocutory appeal challenging the trial court's denial of their pleas to the jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2006). In this appeal, we must decide whether Texas Education Code section 21.307 requires a party to both file and serve a petition within a particular time period in order to "perfect" an appeal from a decision by the Commissioner. Tex. Educ.Code Ann. § 21.307 (Vernon 2006). We affirm the trial court's denial of the TEA and Commissioner's joint plea to the jurisdiction because we conclude that the statute only requires a party to file its petition to "perfect" an appeal. However, because Martinez is not a "governmental unit" entitled to an inter-

locutory appeal, we dismiss his appeal for lack of jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8).

I. BACKGROUND

Martinez was employed by appellee, Donna Independent School District ("DISD"), as its superintendent. DISD's board of trustees voted not to renew Martinez's employment contract. Martinez appealed the board's decision to the Commissioner of Education. Tex. Educ.Code Ann. § 21.301(a) (Vernon 2006). The Commissioner found that DISD failed to produce sufficient evidence of an authorized basis for nonrenewing Martinez's contract. *See id.* § 21.303(a).

DISD received the Commissioner's decision on March 16, 2005, and it filed a motion for rehearing. *See id.* § 21.3041(a). The Commissioner did not rule on the motion, which was overruled by operation of law on April 30, 2005. *See id.* § 21.3041(c). DISD then had thirty days from April 30, 2005, or until May 30, 2005, to "perfect" its appeal to a district court. *Id.* § 21.307(b)(2).

On May 23, 2005, DISD timely filed a petition in the district court naming the TEA, the Commissioner, and Martinez as defendants. Although DISD's correspondence to the district clerk requested that citation be issued to the TEA and the Commissioner, it did not expressly request citation for Martinez. However, DISD's representative orally requested a deputy district clerk to issue citations for all named defendants.

The TEA and the Commissioner were served on either July 4 or 5, 2005–more than a month past the thirty-day deadline to "perfect" an appeal. The district clerk informed DISD that all defendants had been served. However, this information was incorrect-citation had not been issued

for Martinez, and he had not been served. DISD discovered the error almost eight months later, on February 23, 2006, whereupon Martinez was promptly served.

Martinez filed an answer and a motion to dismiss for lack of subject-matter jurisdiction. He argued that DISD did not timely "perfect" an appeal from the Commissioner's decision by both filing a petition and obtaining service within thirty days after the Commissioner's decision became final. The TEA and Commissioner jointly filed a plea to the jurisdiction on the same ground. After a hearing, the trial court rejected the jurisdictional challenges, and this appeal ensued.

## II. JURISDICTION OVER MARTINEZ'S INTERLOCUTORY APPEAL

Because we have a duty to establish our jurisdiction over this interlocutory appeal, we must first determine whether Martinez is entitled to interlocutory review. *Tex. Ass'n of Bus. v. Tex. Air Ctrl. Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993); *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.) ("We are obligated to determine, *sua sponte*, our own jurisdiction."). In general, an appeal will not lie from an interlocutory order. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.). We may only review interlocutory orders if authorized by statute. *Tipps*, 842 S.W.2d at 272; *Kaplan*, 69 S.W.3d at 217. We construe statutes granting interlocutory appeals strictly, given that they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001).

Texas Civil Practice and Remedies Code section 51.014(a)(8) provides for interlocutory review of an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8). "Governmental unit" is defined as

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the Constitution.

*Id.* § 101.001(3) (Vernon 2005). Although Martinez may be aligned as a co-defendant with the TEA and the Commissioner, who are clearly "governmental units" as defined above,[1] individuals employed by

---

**1.** The Texas Education Agency is an "agenc[y] of government." Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(A) (Vernon 2005); Tex. Educ.Code Ann. § 7.002(a) (Vernon 2006).

The Commissioner of Education is an "office" that is appointed by the governor with the advice and consent of the senate. Tex. Civ.

governmental units are not themselves governmental units entitled to an interlocutory appeal. *See id.; id.* § 51.014(a)(8); *Tex. A & M Univ. Sys. v. Koseoglu,* 167 S.W.3d 374, 378–79 (Tex.App.-Waco 2005, pet. granted); *Castleberry Indep. Sch. Dist. v. Doe,* 35 S.W.3d 777, 780 (Tex. App.-Fort Worth 2001, pet. dism'd w.o.j.) (holding that a teacher was not a "governmental unit" entitled to interlocutory appeal); *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.) (holding that university administrators were not "governmental units"), *overruled on other grounds by Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 & n. 4 (Tex.2004). We hold that Martinez is not a "governmental unit," and therefore, he is not entitled to an interlocutory appeal. Accordingly, we dismiss his appeal for lack of jurisdiction.

### III. Compliance with the Education Code

■ Having concluded that we lack jurisdiction over Martinez's appeal, we now turn to the arguments asserted by the TEA and the Commissioner. We review a trial court's ruling on a jurisdictional plea *de novo. Miranda,* 133 S.W.3d at 226; *Tex. Nat'l Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). We take as true all evidence favorable to the non-movant. *Miranda,* 133 S.W.3d at 228. We will also indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* To defeat a plea to the jurisdiction, the nonmovant must merely raise a disputed material fact regarding the issue under review. *Id.*

Texas Education Code section 21.307 sets out the requirements for appealing a decision by the Commissioner. Tex. Educ.

Code Ann. § 21.307. It provides, in relevant part, that "[a]n appeal under this section must be *perfected* not later than the 30th day after ... the date on which the request [for rehearing] is denied by order of the commissioner or by operation of law under Section 21.2041(c)." *Id.* § 21.307(b)(2) (emphasis added). The TEA and the Commissioner do not dispute that DISD timely filed its original petition within the thirty-day time period. Instead, they argue that the appeal was not perfected because none of the defendants were served within the thirty-day deadline. Therefore, they reason that the trial court lacked subject-matter jurisdiction. We disagree.

■ We must determine whether the legislature intended the word "perfect" to include service of citation. *In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609, 612 (Tex.2006) (orig. proceeding) (holding that goal in construing statute is to give effect to legislative intent). The statute does not define "perfect." In the absence of a definition, we must look to the common meaning of the word. *See id.* To "perfect" something means to "bring to perfection or completion." Am. Heritage Dictionary 616 (3d ed.1994). Similarly, the technical, legal meaning for the word "perfect" is "complete; finished; executed; enforceable; without defect; merchantable; marketable" or "brought to a state of perfection." Black's Law Dictionary 1137 (6th ed.1990).

■ These definitions leave much to be desired in the present context.[2] Nevertheless, attempting to discern the statute's meaning with reference to these common definitions, we note that a statute of limitations is generally considered an affirmative

---

Prac. & Rem.Code Ann. § 101.001(3)(A); Tex. Educ.Code Ann. § 7.051 (Vernon 2006).

2. One might even say that the definition of "perfect" is less than perfect here.

defense to liability. *See Dallas County v. Hughes*, 189 S.W.3d 886, 888–89 (Tex.App.-Dallas 2006, pet. filed). Presenting a position that an action is barred by the statute of limitations requires an affirmative pleading by the defendant, not the plaintiff. *Id.*[3] Logically, therefore, service within a limitations period could not be a *pre*requisite to an appeal. *Id.* Because limitations periods are not asserted until after the litigation has begun, we hold that filing the petition "brings to completion" the act of transferring the action from the TEA to the district court. The appeal is "perfected" when the petition is filed.

This interpretation is supported by similar statutes governing appeals from administrative agency decisions. In many instances, the legislature has detailed what type of notice must be sent and to whom, and it has even expressly required service of citation within a specific time period. *Compare* Tex. Gov't Code Ann. § 2001.176(a)-(b) (Vernon 2000) (filing petition within thirty days initiates judicial review of contested case hearing; state agency and parties of record must be served but thirty-day deadline does not apply to service), *with* Tex. Health & Safety Code Ann. § 361.32(c) (Vernon 2001) ("Except as provided by Section 361.322(a), the petition must be filed not later than the 30th day after the date of the ruling, order, decision, or other act of the governmental entity whose action is appealed. Service of citation must be accomplished not later than the 30th day after the date on which the petition is filed.").

Section 21.307 states that the Commissioner and each party to the appeal to the Commissioner must be made a party to the judicial appeal. *Id.* § 21.307(c). However, it does not state that service must be obtained within a specific time period. *Id.* In fact, it does not mention service at all. *Id.* The legislature could have, but did not, set forth a deadline for the service requirement in section 21.307. In the absence of such direction from the legislature, this Court will not impose service of citation within a very short limitations period as a jurisdictional prerequisite to suit. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 77 (Tex.2000) (noting that trend is to "reduce vulnerability of final judgments to attack on the ground that the tribunal lacked subject-matter jurisdiction"); *see also Bexar County Appraisal Dist. v. Walton Castroville SHRL Investors, III, L.P.*, No. 04–05–00046–CV, 2005 Tex.App. LEXIS 8947, at *6, 2005 WL 1475388, at *2, (Tex.App.-San Antonio June 22, 2005, no pet.) (memorandum opinion) (where nothing in the statute conditioned the right to petition for review on service of citation, court refused to add jurisdictional requirements to the statute). In short, DISD presented sufficient evidence of compliance with the statute by timely filing its petition in order to defeat the TEA and the Commissioner's plea to the jurisdiction.

## IV. CONCLUSION

█ We hold that Martinez is not a "governmental unit" entitled to an interlocutory appeal. We further hold that DISD timely perfected its appeal from the Com-

---

**3.** The proper avenue for raising the statute of limitations is a motion for summary judgement-not a plea to the jurisdiction. *Moore v. Univ. of Houston–Clear Lake*, 165 S.W.3d 97, 100 (Tex.App.-Houston [14th Dist.] 2005, no pet.); *City of New Braunfels v. Allen*, 132 S.W.3d 157, 161–63 (Tex.App.-Austin 2004, no pet.); *Castleberry Indep. Sch. Dist.*, 35 S.W.3d at 783; *Tex. Dep't of Mental Health & Mental Retardation v. Olofsson*, 59 S.W.3d 831, 833 (Tex.App.-Austin 2001, pet dism'd); *Elthon*, 9 S.W.3d at 356–57; *Instrument Specialties Co. v. Tex. Employment Com'n*, 924 S.W.2d 420, 421(Tex.App.-Fort Worth 1996, writ denied) (raising service issue by motion for summary judgment).

missioner's decision by filing its petition within thirty days after the decision became final. Accordingly, we dismiss the appeal for lack of jurisdiction as to Martinez and affirm the trial court's order denying the TEA and the Commissioner's plea to the jurisdiction.