# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00319-CV

**Robert Scott, in his official capacity as Commissioner of Education
for the State of Texas, Appellant**

**v.**

**Presidio I.S.D., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GV-06-001362, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

We grant the motion for rehearing filed by Robert Scott, in his official capacity as Texas Commissioner of Education, withdraw the panel opinion and judgment issued on May 7, 2008, and substitute the following in its place. We overrule as moot the Commissioner's motion for en banc reconsideration.

The legislature has provided Texas teachers an administrative appeal to the Commissioner from certain adverse personnel actions by their school districts. *See* Tex. Educ. Code Ann. §§ 21.301-.306 (West 2006). In turn, the legislature has provided, in section 21.307 of the education code, that either the teacher or the school district may challenge the Commissioner's decision through suit for judicial review, termed a "judicial appeal." *See id.* § 21.307 (West 2006).

In such suits, a district court reviews the Commissioner's decision under a substantial evidence standard on the administrative record. *See id.* Central to this appeal is subsection (a) of section 21.307:

> Either party may appeal the commissioner's decision to:
>
> (1)     a district court in the county in which the district's central administrative offices are located; or
>
> (2)     if agreed by all parties, a district court in Travis County.

*Id.* § 21.307(a). Also critical to this appeal is subsection (c) of section 21.307, which requires that "[t]he commissioner and each party to the appeal to the commissioner must be made a party to an appeal under this section." *See id.* § 21.307(c).

A teacher whom the Presidio Independent School District had terminated appealed that decision to the Commissioner, who ruled in the teacher's favor. The District filed a judicial appeal in Travis County district court. The District named both the teacher and the Commissioner as parties to its suit, as education code section 21.307(c) required. While the teacher agreed to the filing in Travis County district court, the Commissioner did not. Contending that section 21.307(a)(2) required his consent to suit in Travis County district court as a condition to the legislature's waiver of sovereign immunity against the suit, the Commissioner filed a plea

to the jurisdiction.[1]  The district court denied the plea.  The Commissioner appealed the district court's order.[2]

The Commissioner's appeal presents two issues.  First, the parties dispute whether the consent requirement in section 21.307(a)(2) is a condition on the legislative waiver of sovereign immunity so as to permit a judicial appeal to be filed in Travis County district court, as the Commissioner contends, or is merely a non-jurisdictional venue requirement, as the District argues.  Second, the parties differ as to whether the Commissioner is among the "all parties" who must consent to the Travis County forum under section 21.307(a)(2).  We conclude that education code section 21.307(a)(2) required the Commissioner's consent as a prerequisite to the legislative waiver of sovereign immunity necessary for judicial appeals to be filed in Travis County district court.  Because the Commissioner undisputedly did not consent to suit there so as to confer jurisdiction under subsection (a)(2), and because the District's "central administrative offices" are unquestionably not located in Travis County so as to come within subsection (a)(1)'s waiver, we conclude that the district court erred in denying the Commissioner's plea to the jurisdiction.

Our resolution of both issues turns on construction of education code 21.307(a)(2).  Statutory construction presents a question of law that we review de novo.  *E.g.*, *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  Our primary objective in statutory construction is to give effect to the legislature's intent.  *Id.*  We seek that intent "first and foremost" in the statutory text.  *Lexington*

---

[1]  At the time of the district court's proceedings, the Hon. Shirley Neeley was serving as Commissioner of Education.  We have substituted her successor, Robert Scott.  *See* Tex. R. App. P. 7.2(a).

[2]  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2007).

*Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We consider the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Taylor v. Firemen's and Policemen's Civil Serv. Comm'n of City of Lubbock*, 616 S.W.2d 187, 189 (Tex. 1981); *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004)); *see* Tex. Gov't Code Ann. § 311.011 (West 2005) ("[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). Our analysis of the statutory text is also informed by the presumptions that "the entire statute is intended to be effective" and that "a just and reasonable result is intended," Tex. Gov't Code Ann. § 311.021(2)-(3) (West 2005), and consideration of such matters as "the object sought to be attained," "circumstances under which the statute was enacted," legislative history, and "consequences of a particular construction." *Id.* § 311.023(1)-(3), (5) (West 2005). We also presume that the legislature acted with knowledge of the background law. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

Furthermore, we must also employ special rules of construction that are implicated when, as here, a statute is asserted to have waived sovereign immunity. *See State v. Oakley*, 227 S.W.3d 58, 62 (Tex. 2007); *see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (right to judicial review in section 2001.171 of

the APA "provides a limited waiver of sovereign immunity" because "the Legislature necessarily understood that state agencies would be sued in court by persons exercising that right"). When determining the extent to which section 21.307 has waived sovereign immunity, we are bound to comply with the legislature's mandate that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034; *see Oakley*, 227 S.W.3d at 62. This requirement embodies the principle that courts should generally defer to the legislature to decide whether or to what extent sovereign immunity should be waived, so as to "preserve the legislature's interest in managing state fiscal matters through the appropriations process." Tex. Gov't Code Ann. § 311.034. This policy concern with preserving legislative control over how state funds are spent is implicated not only by the prospect of money damages awards,[3] but also by suits, like the District's, seeking to control the actions of a state officer acting within his or her statutory powers. *See Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-70 (Tex. 1980). Our deference to the legislature's policy judgment regarding waivers of sovereign immunity applies both to the decision to waive sovereign immunity at all and the extent of any waiver, as it is the legislature's prerogative to control both and to impose whatever conditions and limitations on waivers as it deems

---

[3] *See, e.g.*, *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006) ("A lack of immunity may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes."); *Texas Natural Res. Conservation v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002) ("We have consistently deferred to the Legislature to waive sovereign immunity from suit, because this allows the Legislature to protect its policymaking function. . . . [T]he Legislature is better suited than the courts to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear.").

appropriate. *Oakley*, 227 S.W.3d at 62; *see Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (state cannot "be sued in her own courts without her consent, and then only in the manner indicated by that consent.") (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)); *State v. Isbell*, 94 S.W.2d 423, 424 (Tex. 1936) (state may be sued "only in the manner, place, and court or courts designated" by legislature).

Additionally, in 2005, the legislature amended the code construction act to further instruct courts that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (current version at Tex. Gov't Code Ann. § 311.034) (West Supp. 2007). A "statutory prerequisite to a suit . . . against a governmental entity" refers to a step or condition that must be satisfied before the suit against the state can be filed. *See Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied) (observing that the ordinary meaning of "[a] prerequisite is something that is required beforehand" and holding that limitations period is not a "statutory prerequisite" for purposes of section 311.034); *see also Dallas County v. Coskey*, 247 S.W.3d 753, 755 (Tex. App.—Dallas 2008, pet. filed) (statute requiring notice *after* suit is filed is not a "statutory prerequisite" to suit); *see also* House Comm. on State Affairs, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005) ("Under current law, several statutes provide for a limited waiver of immunity against the government, but require that certain steps, known as statutory prerequisites, be taken to take advantage of the waiver."). The legislature enacted this amendment to address "considerable confusion [that]

6

has arisen in the courts regarding whether . . . compliance [with statutory prerequisites] is a jurisdictional matter or not." *See* House Comm. on State Affairs, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005).

**Is section 21.307(a)(2) a jurisdictional requirement?**

Turning to the text of education code section 21.307(a)(2), we are persuaded that the requirement that "all parties" agree before a judicial appeal can be brought in Travis County district court is a "statutory prerequisite" under the meaning of government code 311.034 and, therefore, is jurisdictional. *See* Tex. Gov't Code Ann. § 311.034. As the Commissioner emphasizes, section 21.307(a)(2) states that "[e]ither party may appeal the commissioner's decision to . . . a district court in Travis County" "*if* agreed by all parties." Tex. Educ. Code Ann. § 21.307(a)(2) (emphasis added). Agreement "by all parties" to the Travis County forum is plainly a condition that must be satisfied before a judicial appeal can be brought there. It is thus a statutory prerequisite to such suits. *See Hughes*, 189 S.W.3d at 888 ("[a] prerequisite is something that is required beforehand."); Tex. Gov't Code Ann. § 311.011(a) ("[w]ords and phrases shall be . . . construed according to the rules of grammar and common usage.").

The District characterizes section 21.307(a)(2) as a non-jurisdictional venue requirement, suggesting that the phrase "[e]ither party may appeal the commissioner's decision" controls *if* the suit can be filed and that subsections (a)(1) and (2) govern *where* such a suit is filed. In fact, the Commissioner has acknowledged that section 21.307(a)(2) is in the nature of a venue provision. As a general rule, venue requirements have not been considered to be jurisdictional, at least in modern times. *Loutzenhiser*, 140 S.W.3d at 360-61 (Tex. 2004) (filing suit in the wrong

county does not deprive the trial court of jurisdiction); *Brown v. Owens*, 674 S.W.2d 748, 751 (Tex. 1984) (same); *see also Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (overruling *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926), "to the extent it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional."); *Mingus*, 285 S.W. at 1088 (holding that venue requirements governing suits to enforce worker's compensation awards were jurisdictional). But even assuming that the venue requirement in education code section 21.307(a)(2) would not otherwise be considered a *jurisdictional* "statutory prerequisite to suit," it is *a* "statutory prerequisite to suit" in Travis County district court nonetheless. The legislature has mandated in government code section 311.034 that we consider *any* "statutory prerequisite to suit" against a governmental entity to be jurisdictional. The controlling question here, in other words, is whether education code section 21.307(a)(2) is a "statutory prerequisite to suit" against the Commissioner in Travis County district court, regardless whether it would have been considered a jurisdictional limitation absent the 2005 amendments to government code section 311.034.

As noted, education code section 21.307(a)(2)'s consent requirement is a "statutory prerequisite" to a judicial appeal in Travis County district court under the ordinary meaning of the term. It is also a "statutory prerequisite" to such suits under the meaning that term has acquired in case law. As this Court has observed, "the collective term 'statutory prerequisites' encompasses 'a variety of irregularities'" that would not otherwise be considered to limit the court's jurisdiction. *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 686-87 (Tex. App.—Austin 2000) (quoting *Dubai*, 12 S.W.3d at 76), *aff'd*, *Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809 (Tex. 2002). The Texas Supreme Court has used the term

8

"statutory prerequisites" to suit or review to describe venue provisions. *See Dubai*, 12 S.W.3d at 76 (using the phrase to describe the venue requirements addressed in *Mingus*); *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891-92 (Tex. 1986) (terming provisions of Term Contract Nonrenewal Act and APA fixing venue of administrative appeals in Travis County as "statutory prerequisites for review"). So has this Court. *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex. App.—Austin 2002, no pet.) (holding that labor code section 410.252, which governs venue of worker's compensation appeals, was not jurisdictional; "[w]hen a statutory prerequisite to suit is such that it affects only venue, without making any substantive change in the court's inherent power, it should not be held jurisdictional."); *accord Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 533 (Tex. App.—Austin 2004, no pet.); *see also Mayberry v. American Home Assurance Co.*, 122 S.W.3d 455, 456-57 (Tex. App.—Beaumont 2005, no pet.) (similarly terming labor code 410.252's venue provision a "statutory prerequisite"). We are to presume that the legislature was aware that "statutory prerequisites to suit" had acquired this meaning in the case law, *see Acker*, 790 S.W.2d at 301 (we are to presume that the legislature acted with knowledge of the background law), and we must give effect to the intent it manifested when choosing to use that term in government code section 311.034. *See* Tex. Gov't Code Ann. § 311.011(b) ("[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

The District urges that we construe education code section 21.307(a)(2) and government code section 311.034 so as to "harmonize" them with "the common law's rule prohibiting litigants from consenting to subject matter jurisdiction." Under long-standing Texas law,

9

subject-matter jurisdiction cannot be conferred by consent, waiver, or agreement. *See, e.g.*, *Dubai*, 12 S.W.3d at 76 (quoting *Federal Underwriters Exch. v. Pugh*, 174 S.W.3d 598, 600 (Tex. 1943)). The District reasons that, in light of this longstanding principle, we should construe section 21.307(a)(2) so as not to condition the subject-matter jurisdiction of a Travis County district court on the parties' agreement. However, the common-law principle on which the District relies, as the Commission points out, is a limitation against courts exercising jurisdiction that has not been vested in them by the constitution or statute, regardless whether the parties consent or waive objections to it. Education code section 21.307(a)(2), in contrast, explicitly vests jurisdiction in Travis County district courts to hear judicial appeals, although it conditions that jurisdiction on the consent of "all parties." The consent requirement thus does not represent an expansion of judicial power beyond the limits of the constitution and statute, but is a component of the statutory jurisdictional limits themselves. The common-law principle on which the District relies simply has no application here. While the consent requirement of section 21.307(a)(2) may perhaps be a departure from the common law notion that parties do not confer jurisdiction by agreement, it is not unusual for statutes to depart from the common law and we must conclude, based on the text of that provision and of government code section 311.034, that this is what the legislature intended to do here. It is the legislature's prerogative to decide the extent of any waiver of sovereign immunity and any conditions it places upon that waiver. *Oakley*, 227 S.W.3d at 62.

We conclude that the consent requirement in education code section 21.307(a)(2) is a statutory prerequisite to the District's availing itself of the legislative waiver of sovereign immunity

10

permitting judicial appeals to be brought in Travis County district court. We now turn to whether the District was required to obtain the consent of the Commissioner, in addition to the teacher, in order to come within the waiver.

**Was the Commissioner's consent required?**

Our resolution of the second issue turns on construction of the term "all parties" in education code section 21.307(a)(2). Section 21.307(a), again, provides that "[e]ither party may appeal the commissioner's decision to . . . (2) if agreed by *all parties*, a district court in Travis County." Tex. Educ. Code Ann. § 21.307(a). The District argues that "all parties" is limited by subsection (a)'s preceding proviso that "*either* party may appeal . . . " and, therefore, refers only to those parties. The reference to "either party," the District observes, contemplates the teacher and the school district, the parties to the administrative proceeding before the Commissioner from which a judicial appeal would be taken. *See id.* §§ 21.301-.306. The dissent adopts a similar approach focusing on subsection (a). The Commissioner, on the other hand, emphasizes subsection (c) of section 21.307, which requires that "*[t]he commissioner* and each party to the appeal to the commissioner *must be made a party* to an appeal under this section." *See id.* § 21.307(c) (emphasis added). The Commissioner reasons that because subsection (c) explicitly designated him as a "party" within section 21.307, subsection (a)(2)'s reference to "all parties"—as opposed to "either party" or "both parties"—necessarily includes him. We agree with the Commissioner.

Subsection (c) informs construction of subsection (a)'s "all parties" in at least two ways. First, subsection (c) specifies that the Commissioner, in addition to "each party to the appeal to the commissioner," is a "party" to the judicial appeal. Second, by distinguishing between "each

11

party to the appeal to the commissioner" and "the commissioner" and requiring that all be made "a party to an appeal under this section," subsection (c) demonstrates that the legislature contemplated two categories of "parties" in a judicial appeal—the teacher and school district who had been parties to the administrative proceeding before the Commissioner, and the Commissioner himself. It is thus highly significant that the legislature explicitly conditioned suit in Travis County on the consent of "*all* parties"—not "either party," "both parties," the parties "to the appeal to the commissioner," or similar terms that would exclude the Commissioner. Viewing section 21.307(a)(2) in its context within education code section 21.307 and chapter 21 as a whole, as we are required to do, the legislature's use of "all parties" necessarily contemplated not only the parties to the administrative proceeding before the Commissioner—the teacher and school district—but also the Commissioner. The District and dissent's arguments to the contrary overlook subsection (c) and its implications.

The District further suggests that the legislature could not have intended to include the Commissioner among "all parties" whose consent to suit in Travis County is required under subsection (a)(2) because the Commissioner would not be served and ordinarily would not appear in the suit until some time after suit was filed. Because the Commissioner would thus not be a "party" in this respect at the time suit is filed, the District reasons that only the original parties to the administrative proceeding before the Commissioner could be the "all parties" referenced in subsection (a)(2). The flaw in this argument, as the Commissioner points out, is that *any* defendant in a "judicial appeal" suit would not be served and ordinarily would not appear until after the suit is filed. This would include not only the Commissioner, but also a teacher (if a school district is appealing) or a school district (if a teacher is appealing). In other words, under the District's

12

reasoning, only the party filing the judicial appeal could be a "party" under subsection (a)(2). The District's argument thus would imply that the legislature intended a consent requirement it explicitly made applicable to "all parties" to actually mean that the party filing the judicial appeal can unilaterally dictate whether suit is filed in Travis County district court. We reject that notion. *See* Tex. Gov't Code Ann. § 311.021(2) (we presume that "the entire statute is intended to be effective").[4]

The District also questions the connection between this construction of education code section 21.307(a)(2) and the underlying policy purposes of sovereign immunity. It suggests that the legislature would not have intended to give the Commissioner veto power against getting sued in his "own backyard" when litigating in the school district's home county—e.g., Presidio County, hundreds of miles from Austin—would seemingly be more expensive to the state. However, as previously noted, the policy purposes underlying sovereign or governmental immunity have a broader concern with limiting judicial interference with legislative policy decisions and those of local governmental entities. *See Texas Natural Res. Conservation v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002); *Printing Indus. Ass'n*, 600 S.W.2d at 265-70. In balancing these policy interests, the

---

[4] Similarly, though it does not advance this argument on appeal, the District, during the hearing on the plea to the jurisdiction, questioned how it could obtain the Commissioner's consent to file its judicial appeal in Travis County district court where education code section 21.306, "Ex parte communications prohibited," prohibited the Commissioner or his staff from "communicat[ing] with any party or any party's representative in connection with any issue of fact or law except on notice and opportunity for each party to participate." *See* Tex. Educ. Code Ann. § 21.306 (West 2006). The dissent embraces this reasoning. Section 21.306 is contained within the provisions governing the administrative proceedings from which the judicial appeal—addressed in the succeeding section 21.307—is taken. The Commissioner is the tribunal during these administrative proceedings rather than a party. *See id*. §§ 21.301-.306. Section 21.306's prohibition against ex parte communications with the Commissioner is clearly addressed to that context.

13

legislature saw fit to grant the Commissioner (like school districts and teachers) effectively a veto power against having to defend judicial appeals in Travis County district court. Whatever the merits of that judgment, it is not an absurd notion that the Texas Legislature intended it, as reflected in the text of education code section 21.307(a)(2). It is the legislature's prerogative to make such determinations regarding whether and to what extent to waive sovereign immunity, and the conditions of such waivers. *Oakley*, 227 S.W.3d at 62; *Tooke*, 197 S.W.3d at 331; *Isbell*, 94 S.W.2d at 424.[5] We are bound to give effect to these legislative policy judgments.

It is undisputed that the District did not obtain the Commissioner's consent to bring its judicial appeal in Travis County district court. *See* Tex. Educ. Code Ann. § 21.307(a)(2). Nor is there any question that the District's "central administrative offices" are located in Travis County, the other basis for a waiver of sovereign immunity permitting suit there. *See id.* § 21.307(a)(1).

---

[5] Similarly, during the hearing on the District's plea to the jurisdiction, the district court expressed skepticism that the legislature could have intended education code section 21.307(a)(2) to require the Commissioner's consent as a jurisdictional requirement for a judicial appeal in Travis County district court because it would invite disputes, uncertainties, or gamesmanship among parties regarding whether they had consented to suit there. Relatedly, noting the absence of a transfer mechanism in section 21.307(a)(2), the district court expressed concern regarding the harsh implication that a case filed in error in Travis County would be jurisdictionally barred. The dissent expresses similar concerns. We first observe that if a dispute regarding a party's consent to suit in Travis County were to arise, it would be determined by the district court in the same manner as other disputed jurisdictional facts. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004); *Hendee v. Dewhurst*, 228 S.W.3d 354, 368-69 (Tex. App.—Austin 2007, pet. denied). Furthermore, if there are concerns with this statutory scheme, they are among the policy interests that are within the legislature's prerogative to balance when determining the existence, extent of, and conditions for the waiver of sovereign immunity in education code section 21.307(a)(2).

14

Consequently, sovereign immunity bars the District's suit. We accordingly reverse the district court's order denying the Commissioner's plea to the jurisdiction and render judgment dismissing the District's judicial appeal for want of subject-matter jurisdiction.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton;
   Dissenting Opinion by Justice Patterson

Reversed and Rendered on Motion for Rehearing

Filed: August 28, 2008