NUMBER 13-11-00106-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

LORENZO FORGE,                                                             
    Appellant,

 

v.

 

NUECES COUNTY, TEXAS
AND JIM KAELIN,

SHERIFF, NUECES
COUNTY, TEXAS,                                       Appellees.

                                                                                                                     
  

 

On appeal from the County
Court at Law No. 4 

of Nueces County,
Texas.

                                                                                                                     


 

OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Opinion by Justice Rodriguez

                                                                                                                                    

            Appellant Lorenzo Forge challenges the trial
court's dismissal for lack of jurisdiction of his race discrimination and
hostile work environment suit against appellees Nueces County, Texas, and Jim
Kaelin, Sheriff, Nueces County, Texas.  By three issues, Forge argues that the
trial court erred in dismissing his case because the presentment requirement
invoked by appellees, section 89.004 of the local government code, is not
jurisdictional and does not apply to claims filed under the Texas Commission on
Human Rights Act (TCHRA).  See Tex.
Loc. Gov't Code Ann. § 89.004 (West 2008); Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp.
2010).  We reverse and remand.

I. 
Background

 

            In his petition, Forge alleges that he was
employed by appellees as a jailer with the Nueces County Sheriff's Department. 
Appellees terminated Forge's employment on December 31, 2008.  It is undisputed
that the following events occurred in connection with Forge's termination: 
Forge utilized the Nueces County grievance procedures and perfected his
grievance, which was denied by Sheriff Kaelin; Forge appealed the denial of his
grievance, which has been abated pending resolution of certain criminal charges
filed against Forge; Forge timely filed a charge of discrimination with the
Texas Workforce Commission (TWC), the Equal Employment Opportunity Commission
(EEOC), and the Department of Justice; both the TWC and the EEOC issued Forge a
right-to-sue letter; Forge filed suit against appellees under the TCHRA within
sixty days of receiving his right-to-sue letter, asserting claims of race
discrimination and hostile work environment; and Forge submitted post-suit
written notice to the county pursuant to section 89.0041 of the local
government code.  See Tex. Loc.
Gov't Code Ann. § 89.0041 (West 2008).  It appears from the record that
the foregoing actions by Forge complied with the administrative exhaustion
prerequisites and time deadlines for suits filed under the TCHRA.[1] 
However, it is undisputed that Forge did not present his discrimination and
hostile work environment claim to the county under section 89.004 of the local
government code before he filed his lawsuit.  See id. § 89.004(a).

            Appellees filed a motion to dismiss, arguing
that Forge's failure to comply with section 89.004's presentment requirement
deprived the trial court of jurisdiction over Forge's case.  After a hearing,
the trial court granted appellees' motion and dismissed Forge's case for want
of jurisdiction.  This appeal followed.

II. 
Standard
of Review

 

            We will consider appellees' motion to dismiss
for want of jurisdiction as a plea to the jurisdiction.  A plea to the
jurisdiction is a dilatory plea; its purpose is "to defeat a cause of
action without regard to whether the claims asserted have merit."  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The plea
challenges the trial court's jurisdiction over the subject matter of a pleaded
cause of action.  Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004); Tex. Parks & Wildlife Dep't v. Morris,
129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.).  Subject matter
jurisdiction is a question of law; therefore, an appellate court reviews de
novo a trial court's ruling on a plea to the jurisdiction.  Miranda, 133
S.W.3d at 226; Morris, 129 S.W.3d at 807.  The plaintiff has the burden
to plead facts affirmatively showing that the trial court has jurisdiction.  Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

                The resolution of this appeal will
require us to review the trial court's application of various statutes. 
Statutory interpretation also presents a question of law subject to de novo
review.  In re Canales, 52 S.W.3d 698, 701 (Tex. 2001).  A trial court has
no discretion when evaluating a question of law.  See Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992).  In cases of statutory interpretation, then,
Texas courts of appeal must conduct an independent review and evaluation of the
statute to determine its meaning.  Brazoria County v. Colquitt, 282
S.W.3d 582, 585 (Tex. App.—Houston [14th Dist.] 2009), rev'd on other
grounds, 324 S.W.3d 539 (Tex. 2010). 

Our primary objective is to ascertain
and give effect to the intent of the legislature in enacting the statutes.  See
In re Canales, 52 S.W.3d at 701; see also Tex. Gov't Code Ann. § 312.005 (West 2005).  If possible, we
determine legislative intent by examining the statute's plain language.  See
City of DeSoto v. White, 288 S.W.3d 389, 393 (Tex. 2009).  "Even when
the statute is unambiguous, we may consider other factors to determine the
legislature's intent, such as the statute's objectives, its legislative
history, and the consequences of particular instruction."  Dallas
County v. C. Green Scaping, L.P., 301 S.W.3d 872, 877 (Tex. App.—Dallas
2009, no pet.) (citing Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493
(Tex. 2001); In re Canales, 52 S.W.3d at 702). 

III. 
Discussion

 

            By three issues, which we will consider as
one, Forge argues that the trial court erred in dismissing his suit for want of
jurisdiction.  Forge contends that section 89.004 is not jurisdictional. 
Analogizing his case to cases brought under the Texas Tort Claims
Act (TTCA) and the Texas Whistleblower Act, Forge further contends that section
89.004's presentment requirement does not apply to TCHRA suits because the
TCHRA has its own jurisdictional exhaustion requirements.  See Parsons v.
Dallas County, 197 S.W.3d 915, 919-20 (Tex. App.—Dallas 2006, no pet.)
(holding that the notice provisions of the TTCA provide the exclusive notice
requirements for suits thereunder and the plaintiff was thus not required to
comply with the presentment requirement); Gregg County v. Farrar, 933
S.W.2d 769, 772-73 (Tex. App.—Austin 1996, pet. denied) (holding that
presentment to the county is not required in a whistleblower claim because the
administrative exhaustion requirements of the Whistleblower Act provide the
requisite notice to the county); see also Upton v. Brown, 960 S.W.2d
808, 819-20 (Tex. App.—El Paso 1997, no pet.) (holding that presentment
requirement does not govern whistleblower suits or suits brought under title
42, section 1983 of the United States Code); Harris County v. Dillard,
841 S.W.2d 552, 557 (Tex. App.—Houston [1st Dist.] 1992), rev'd on other
grounds, 883 S.W.2d 166 (Tex. 1994) (holding that plaintiffs suing county
under TTCA need not comply with presentment requirement because the TTCA
requires plaintiff to give notice of claim within six months of injury).

Section 89.004(a) of the local
government code provides that:

[A] person may not
file suit on a claim against a county or an elected or appointed county
official in the official's capacity as an appointed or elected official unless
the person has presented the claim to the commissioners court and the
commissioners court neglects or refuses to pay all or part of the claim before
the 60th day after the date of the presentation of the claim.

 

Tex. Loc. Gov't Code Ann. §
89.004(a).  The Texas Supreme Court has held that section 89.004's presentment
requirement is mandatory but not jurisdictional.  See Essenburg v. Dallas
County, 988 S.W.2d 188, 189 (Tex. 1998); see also Lubbock County v.
Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 584 (Tex. 2002); Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 249 (Tex. 2002).  It
"merely establishes a condition precedent to suit."  Pelzel &
Assocs., 77 S.W.3d at 249 (citing Farmers State Bank of New Boston v.
Bowie County, 95 S.W.2d 1304, 1306 (Tex. 1936)).  "The remedy for a
party's failure to present its claim to the Commissioner's Court prior to
filing its lawsuit [is] not dismissal of the lawsuit but abatement."  C.
Green Scaping, 301 S.W.3d at 877 (citing Trammel's Lubbock Bail Bonds,
80 S.W.3d at 584).

Appellees contend that a 2005 amendment
to section 311.034 of the government code overruled the foregoing.  Section
311.034, within the Code Construction Act, governs the "Waiver of
Sovereign Immunity" and provides that:

In order to preserve
the legislature's interest in managing state fiscal matters through the
appropriations process, a statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous
language. In a statute, the use of “person,” as defined by Section 311.005 to
include governmental entities, does not indicate legislative intent to waive
sovereign immunity unless the context of the statute indicates no other
reasonable construction. Statutory prerequisites to a suit, including the
provision of notice, are jurisdictional requirements in all suits against a
governmental entity.

 

Tex. Gov't Code Ann. §
311.034 (West Supp. 2010).  The 2005 amendment added the final sentence
regarding the jurisdictional effect of "[s]tatutory prerequisites to
suit."  See Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1,
2005 Tex. Gen. Laws 3785, 3785. 
Relying on this amendment, the legislative history associated with the
amendment, and, primarily, the Dallas Court of Appeals's 2009 C. Green
Scaping opinion, appellees contend that section 89.004(a) is a
jurisdictional statutory prerequisite to suit, and the trial court therefore
did not err in dismissing Forge's suit on this basis given Forge's failure to
comply with the presentment requirement.  See C. Green Scaping, 301
S.W.3d at 878-79 (holding that section 89.004(a) is a statutory prerequisite to
suit governed by section 311.034 of the government code and is, therefore,
jurisdictional).  Although we typically strive to achieve unity with our sister
courts, we simply cannot concur with the reasoning underlying the Dallas
court's determination.

                In C. Green Scaping, the Dallas
court looked to the language of section 89.004(a) and determined that it was a
mandatory condition precedent to filing suit against a county.  301 S.W.3d at
877-78.  After defining a "prerequisite to suit" as a
"requirement to be fulfilled before a lawsuit is filed,” id. at 878
(citing County of Bexar v. Bruton, 256 S.W.3d 345, 348 (Tex. App.—San
Antonio 2008, no pet.); Dallas County v. Hughes, 189 S.W.3d 886, 888
(Tex. App.—Dallas 2006, pet. denied); Webster's
Third Int'l Dictionary 1791 (1981)), the court reasoned that because it
is a condition precedent to suit, the "presentment requirement of section
89.004(a) is a statutory prerequisite to suit."  Id.  The court
next examined the legislative author's "statement of intent" for the
2005 amendment to section 311.034, which is contained in the committee report
for the house bill, and focused on the author's interest in reducing "the
expenditure of funds to try lawsuits that are ultimately determined to be
outside the limited waiver of immunity."  Id. (citing House Comm.
on Civil Practices, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005), available
at http://www.capitol.state.tx.us/tlodocs/79R/analysis/html/HB02988H.

htm).  The court noted that the committee report
expressed concern about the courts "infring[ing] on the power of the
legislature to waive sovereign immunity by abating cases" that are ultimately
found to be lacking in jurisdiction and then seemed to conclude from this that
the abatement of cases for failure to comply with the presentment requirement
was a similar consequence and thus brought section 89.004(a) under the
rationale for the amendment to section 311.034.  See id. at 878-79.  In
other words, the Dallas court concluded that the amendment to government code
section 311.034 transformed the condition precedent of section 84.009(a) into a
"statutory prerequisite" with which a plaintiff must comply to invoke
the jurisdiction of the trial court.  See id.

            The entirety of the legislative author's
statement of intent, or bill analysis, for the 2005 amendment to government
code section 311.034 follows:

The waiver of
sovereign immunity is a matter exclusively reserved to the legislature.  Under
current law, several statutes provide for a limited waiver of immunity
against the government, but require that certain steps, known as statutory
prerequisites, be taken to take advantage of the waiver.  Compliance with
the statutory prerequisites to filing suit is often an issue in litigation, and
considerable confusion has arisen in the courts regarding whether such
compliance is a jurisdictional matter or not.  



Whether or not
compliance with statutory prerequisites is jurisdictional has important
consequences.  If the requirements are jurisdictional and compliance has not
occurred, then a governmental entity may file a plea to contest the trial
court’s jurisdiction over the case and, if the plea is denied, may file an
immediate appeal. Allowing an immediate appeal permits conservation of all
parties’ resources during determination of the appeal, instead of requiring the
expenditure of funds to try lawsuits that are ultimately determined to be
outside the limited waiver of immunity.

 

H.B. 2988 makes clear
that statutory prerequisites are jurisdictional requirements in all suits
against government entities.

 

House Comm. on Civil Practices, Bill Analysis, Tex. H.B.
2988, 79th Leg., R.S. (2005) (emphasis added).  We believe that the legislative
intent for the amendment clearly centers on the relationship between the waiver
of sovereign immunity and the "certain steps" required by various
statutes to "take advantage of that waiver."  See Colquitt,
282 S.W.3d at 586 ("The Texas legislature added [the statutory
prerequisites] language to section 311.034 . . . to clarify its intent
regarding the relationship between statutory prerequisites to a suit and
sovereign immunity."); Tex. Dep't of Criminal Justice v. Thomas,
263 S.W.3d 212, 217-18 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same); see
also Colquitt v. Brazoria County, 324 S.W.3d 539, (Tex. 2010) (noting that
the legislature amended section 311.034 "to make notice, and other
statutory prerequisites, jurisdictional, that is, a condition of . . .
waiver of immunity from suit" (emphasis added)).  The bill analysis
reveals that the author was endeavoring to prevent the wasteful exercise of
prolonging a case that ultimately is determined to be outside the "limited
waiver of immunity" provided by certain statutes and thus outside the
court's jurisdiction.  

But unlike the "several
statutes" referred to by the bill author in his analysis, section 89.004
has no bearing on a county's immunity from suit.  Pelzel & Assocs.,
77 S.W.3d at 249 (holding that section 89.004 does not waive a county's
immunity from suit); County of Bexar v. Garcia, 974 S.W.2d 107, 109
(Tex. App.—San Antonio 1998, no pet.) (same).  The Dallas court even
acknowledges this critical distinction in C. Green Scaping.  301 S.W.3d
at 877 ("Clearly section 311.034 applies to waivers of sovereign
immunity.  However, the presentment language of section 89.004(a) does not
waive immunity from suit." (citations omitted)).  And it is immunity from
suit, or the lack thereof, that implicates a trial court's subject-matter
jurisdiction.  Thus, the ultimate result of a plaintiff's non-compliance with
section 89.004(a) is not a determination that his case lies outside a waiver of
immunity and is therefore subject to dismissal for want of jurisdiction.  The
ultimate result of a plaintiff's non-compliance with the presentment
requirement is a temporary abatement period during which the commissioner's
court investigates the claim and decides whether to attempt to adjust the claim
without litigation.  In short, the rationale behind the 2005 amendment to
section 311.034—the conservation of state or government resources by allowing early
dismissal of suits where immunity has not been waived—does not apply to the
presentment requirement, and we conclude that section 89.004(a) remains merely
a mandatory, but not jurisdictional, condition precedent to suit against a
county.[2]

The only question remaining is whether
Forge's TCHRA claim is subject to section 89.004(a)'s presentment requirement. 
This is a matter of first impression.  Our sister courts have held that claims
brought under the TTCA are not governed by the presentment requirement because
the notice provision embodied in that Act constitutes the exclusive notice
requirement with which a plaintiff must comply before bringing suit.  See
Parsons, 197 S.W.3d at 919-20; Dillard, 841 S.W.2d at 557.  Other
courts have held that claims brought under the Texas Whistleblower Act are not
governed by the presentment requirement because the administrative exhaustion
requirements embodied in that Act constitute the exclusive notice provisions
with which a plaintiff must comply before bringing suit.  See Brown, 960
S.W.2d at 819-20; Farrar, 933 S.W.2d at 772-73.  Similar to the
exhaustion requirements of the whistleblower act and the notice provision of
the TTCA, in order to bring a claim of employment discrimination under the
TCHRA, a plaintiff must first file a sworn, written complaint with the Texas
Commission on Human Rights within 180 days of the alleged discriminatory act.[3]
 See Tex. Lab. Code Ann.
§§ 21.201-.202 (West 2006); see also Tex. Dep't of Pub. Safety v. Alexander,
300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied).  "The timely
filing of an administrative complaint is a mandatory and jurisdictional
prerequisite to filing suit."  Alexander, 300 S.W.3d at 70 (citing Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); Tex.
Parks & Wildlife Dep't v. Dearing, 150 S.W.3d 452, 458 (Tex.
App.—Austin 2004, pet. denied)).  Based on the foregoing, we conclude that the
administrative exhaustion prerequisite to filing suit under the TCHRA is the
exclusive notice provision with which a plaintiff must comply—a TCHRA plaintiff
filing against a county need not also comply with section 89.004(a)'s
presentment requirement.

In sum, we conclude that the trial court
erred in dismissing Forge's suit for lack of jurisdiction.  Non-compliance with
section 89.004(a) of the local government code does not erect a jurisdictional
bar to suit.  Moreover, section 89.004(a) does not govern Forge's case because
the TCHRA contains the exclusive notice provisions applicable to suits brought
thereunder.  Forge's issues are sustained.

IV. 
Conclusion

 

            We reverse the order of the trial court
dismissing Forge's case for want of jurisdiction and remand for proceedings
consistent with this opinion.

                

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

 

Delivered
and filed the 31st

day
of August, 2011.









[1]
Appellees did not move to dismiss for want of jurisdiction based on any
failure to comply with the TCHRA's administrative exhaustion requirements.





[2]
We note that our conclusion is also supported by the plain language of
section 311.034, which governs the "Waiver of Sovereign Immunity" and
includes the statutory construction tools through which the existence or
non-existence of waiver is determined.  See City of DeSoto v. White,
288 S.W.3d 389, 393 (Tex. 2009) (directing reviewing courts to determine
legislative intent by examining the plain language of the statute); see also
Tex. Gov't Code Ann. § 311.034
(West Supp. 2010).





[3]
The civil rights division of the Texas Workforce Commission exercises the
powers and duties given to the "[Texas] Commission on Human Rights"
by the TCHRA.  See Tex. Lab. Code
Ann. § 21.0015 (West 2006).